UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PB&J SOFTWARE, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:12-CV-00692-JAR |
| DECHO CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. [ECF No. 35] Defendant filed its response in opposition to Plaintiff's motion on January 31, 2013. (Doc. No. 37) Plaintiff filed its reply on February 11, 2013. (Doc. No. 38) The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**[1]

In this patent infringement action, Plaintiff PB&J Software, LLC ("PB&J") alleges it is the owner of United States Patent 7,356,535 entitled "Method and System for Sharing Storage Space on a Computer" (the "535 Patent" or "Patent") and that Defendant Decho Corporation ("Decho") has infringed one or more claims of the Patent by offering services and licensing software associated with the Mozy "Data Shuttle." (Complaint, Doc. No. 1, ¶ 11). On July 16, 2012, PB&J filed a motion to consolidate its patent infringement claims for purposes of pre-trial proceedings. (See PB&J Software, Inc. v. Acronis, Inc., Case No. 4:12-CV-690, Doc. No. 18)

---

[1]This case was one of four infringement actions involving U.S. Patent 7,356,535 that PB&J filed in this Court, including PB&J Software, Inc. v. Acronis, Inc., Case No. 4:12-CV-690; PB&J Software, Inc. v. Backup Agent B.V., Case No. 4:12-CV-691; and PB&J Software, Inc. v. Evault, Inc., Case No. 4:12-CV-693. PB&J has settled these cases. See Acronis, 4:12-CV-690, Doc. No. 52; Backup Agent, 4:12-CV-691, Doc. No. 39; Evault, 4:12-CV-693, Doc. No. 40.

While the motion to consolidate was pending, Decho filed its motion to dismiss in this case pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 17) On October 10, 2012, PB&J's motion to consolidate was denied. (See, Acronis, No. 4:12-CV-690-SNLJ, Doc. No. 34) PB&J now moves for leave to file an amended complaint. Decho opposes PB&J's motion on the grounds that the proposed amendments are untimely, prejudicial and futile.

### Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *1 (E.D.Mo. Nov. 7, 2011) (quoting Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001)).

### Arguments of the Parties

Decho opposes Plaintiff's motion on the grounds that the proposed amendments do not address or correct the deficiencies Decho identified in its pending motion to dismiss. (Opposition to Motion For Leave ("Opp. Memo"), Doc. No. 37, pp. 4-5) First, Decho argues PB&J does not allege that any single party performs every step of the method claims of the asserted patents. (Id., p. 5) PB&J replies that such an element is not required to state a claim for indirect patent infringement, citing Akamai Technologies, Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1306 (Fed.Cir. 2012), which holds "it is not necessary to prove that all the steps were committed by a single entity." (Reply in Support of Motion for Leave, ("Reply"), Doc. No. 38, p. 3)

Second, Decho argues the proposed amendment is futile because PB&J has not alleged pre-filing knowledge of the 535 Patent by Decho, which Decho argues is required to support an

2

allegation of willful infringement and attorneys' fees, citing In re Seagate Tech., LLC, 497 Fed.Cir. 1360, 1374 (Fed. Cir. 2007). (Opp. Memo, p. 5) In reply, PB&J cites a number of cases in support of its position that Seagate is not controlling for pleading purposes, and that the bar for pleading willful infringement can be met with "the barest factual assertion of knowledge of an issued patent." (Id., pp. 4-5) (citing Lodsys, LLC v. Brother Intern. Corp., 2012 WL 760729, at *4 (E.D. Tex. 2012) and IpVenture, Inc. v. Cellco Partnership, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011)). That appears to be the case here. PB&J has pled that "17. Since no later than on or about May 15, 2012 and likely prior to this date, Mozy has been aware of PB&J's rights in the '535 Patent and continues to license its software, distribute copies thereof, provide access to its servers for initial seed and recovery services, and upon information and belief, with full knowledge that doing is in violation of PB&J's rights." (Reply, p. 4)

Decho also argues the proposed amended complaint does not exclude patent claim 16, which is "impossible to infringe on its face." (Opp. Memo, p. 5) PB&J responds that Decho cites no case law requiring a plaintiff to identify a basis for patent infringement on a claim-by-claim basis, or which patent claims are alleged to be infringed at all. (Reply, p. 6) PB&J further replies that requiring PB&J to identify individual infringed claims in the complaint, or finding PB&J's complaint insufficient only for method claims, or for claim 16 of the Patent, would essentially preempt the Court's Patent Local Rules which provide the appropriate time line for identifying claims alleged to be infringed. See, e.g., Patent Local Rule 3-1(a)(i). (Reply, p. 6)

Finally, Decho argues that the proposed amendments are untimely and that PB&J provides no explanation for its nine month delay in asserting patent claims against the "Media Restore" service, since information on Media Restore has been accessible on Mozy's website since at least 2011. (Opp. Memo, p. 5) In reply, Plaintiff states the "Media Restore" service and

software is "adjunct" to the accused "Data Shuttle" service and software and merely provides more detail to its claims. (Reply, p. 6)

**Discussion**

Turning to Decho's argument that PB&J has been dilatory in filing its motion for leave to amend, the Court finds, given the history of this case, that some of the delay complained of was likely the result of PB&J awaiting determination of its pending motion to consolidate. Moreover, "[d]elay in seeking to amend, alone, is an insufficient justification to deny leave." Mccormack v. U.S., 2011 WL 2669447, at *3 (E.D. Mo. July 7, 2011). Prejudice to the nonmovant must also be shown. Id. (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted). Decho argues that granting PB&J leave to amend would only prolong the pleading phase of this case and unduly prejudice Decho. Decho does not, however, state with any specificity how it would be prejudiced. The Court notes that a case management order has not yet been entered in this case and a scheduling conference only recently set.

Decho also contends PB&J's proposed amendment would be futile. An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D.Mo. Nov. 7, 2011) (citing Bakhtiari v. Beyer, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008).

As it relates to direct infringement, whether PB&J's amended complaint is sufficient is measured by the specificity required by Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, which sets forth a sample complaint for direct patent infringement. See, In re

4

Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1334-35 (Fed. Cir. 2012). Claims for indirect infringement are governed by the plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Bill of Lading, 681 F.3d at 1337. The pleading requirements for willful infringement are not clearly established; however, the majority of cases suggest that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high. MobileMedia Ideas LLC v. HTC Corp., 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011) (citing FotoMedia Techns., LLC v. AOL, LLC, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008). See also, Sony Corp. v. LG Electronics USA, Inc., 768 F.Supp. 2d 1058, 1064 (C.D. Cal. 2011).

      Having carefully considered the proposed amended complaint in light of these standards, the Court finds Decho has failed to meet its burden of showing it would be legally futile to allow PB&J to file its proposed first amended complaint. Although it is unclear whether PB&J will ultimately prevail on the claims asserted in its proposed amended complaint, this is not the appropriate stage of the litigation to make such a determination. See, Nadist, LLC v. Doe Run Resources Corp., 2009 WL 3680533, at *2 (E.D.Mo. Oct. 30, 2009). Decho may reassert its motion to dismiss as to those defects it contends still exist in the amended complaint. For the foregoing reasons, the Court will grant PB&J leave to file its amended complaint.

      Because an amended complaint supercedes the original complaint and renders it without legal effect, see In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir.2000), pending motions pertaining to the original complaint should be denied as moot, see Pure Country, Inc. v. Sigma

Chi Fraternity, 312 F.3d 952, 956 (8th Cir.2002), without prejudice to the filing of motions concerning the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [35] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket PB&J's amended complaint, which was submitted as an attachment to its motion for leave.

**IT IS FURTHER ORDERED** that Decho Corporation's Motion to Dismiss for Failure to State a Claim and Motion to Strike Plaintiff PB&J Software LLC's Complaint [17] is **DENIED** without prejudice as moot.

Dated this 12th day of February, 2013.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE

6